UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME TAPIA SERVIN,<br><br>        Petitioner,<br><br>    v.<br><br>CYNTHIA Y. TAMPKINS,<br><br>        Respondent. | Case No. 19-cv-01873-VC  (PR)<br><br>**ORDER OF DISMISSAL WITHOUT PREJUDICE** |

       This is a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by California inmate Jaime Tapia Servin. On August 13, 2019, the Court dismissed the petition with leave to amend because Servin had not alleged a violation of the Constitution or laws of the United States and because he had not exhausted any claims. The Court granted Servin permission to file an amended complaint with a motion for a stay and abey under *Rhines v. Weber*, 544 U.S. 269 (2005), with instructions about how to do so. On September 9, 2019, Servin filed a motion for a stay, but it did not meet the requirements set forth in *Rhines*. The Court denied the motion without prejudice so that Servin could correct the noted deficiencies.

       On October 21, 2019, Servin filed an amended petition with a motion to stay and abey, but again he did not meet the *Rhines* requirements. On December 19, 2019, the Court dismissed the second motion to stay and abey with instructions about how to correct the deficiencies. The Court stated that, if Servin did not file a third motion for a stay and abey within 28 days from the date of the Order, the petition would be dismissed without prejudice to Servin filing a new petition in the future with only exhausted federal claims.

       The 28-day deadline has passed and Servin has not filed another motion or

communicated with the Court. Therefore, the petition is dismissed without prejudice to Servin filing a new petition in the future with exhausted federal claims.

## CONCLUSION

The petition is dismissed without prejudice. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel* 529 U.S. 472, 484 (2000). The Clerk shall enter a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: March 25, 2020

VINCE CHHABRIA
United States District Judge